MANUEL RUBIO SALINAS, Plaintiff and Appellant, v. SALVADOR R. NIN, INC., Defendant and Appellee.

No. 5942.—Argued April 10, 1934.—Decided July 26, 1935.

Diego O. Marrero and Alejandro Lamour for appellant. Wilson P. Colberg and Antonio R. Barceló, Jr., for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

We transcribe from the opinion of the court below as follows:

"Manuel Rubio Salinas bought from Salvador R. Nin, Inc., a 'Milton' pianola under a conditional sale contract for $1,500 and as part payment of the purchase price the purchaser, upon delivery of the 'Milton' pianola, delivered to the vender a 'Howard' pianola which the latter accepted at the value of $600 and $30 besides in cash, making a total of $630 and leaving a balance of $870 to be paid by the purchaser in monthly instalments of $30. Subsequent to the delivery the purchaser paid instalments amounting to $360, leaving a balance in favor of the vendor of $510. At the time the above balance was the only amount due, the 'Milton' pianola together with some other furniture of the purchaser was destroyed by fire without any fault on the part of the purchaser. The pianola as well as some other furniture of the conditional purchaser had been insured by him against fire and upon the occurrence of the fire he notified the insurance company and duly filed also his proof of loss together with the invoices and vouchers required of him by the insurer in regard to the furniture destroyed by fire. The list submitted by the plaintiff of the furniture destroyed by the fire includes the 'Milton' pianola. While the plaintiff was trying to recover on his policy, the vendor, Salvador R. Nin, Inc., was endeavoring to collect from the purchaser the sum of $510 as the balance due of the purchase price. The efforts of the vendor resulted in the attachment of the insurance money which the plaintiff herein was trying to collect, and the latter on being notified of the attachment felt himself obliged to come to terms with the vendor and pay it the $510 due. The plaintiff cashed his policy and although he did not receive the total amount of his claim, he was paid for his pianola a proportional sum, that is, a discount of 30 per cent was made on the total sum claimed for all the furniture.

"The conditional sale contract contains two clauses on which the whole controversy hinges, which for a better understanding of the case we transcribe below. They read as follows:

" '1. That the absolute ownership of the aforesaid effects remains in the vendors, their heirs, assignees or successors in interest, until the purchaser has fully paid the instalments above stipulated and until each and every term agreed upon in this contract has been complied with by him, and only then shall the said effects become the property of the purchaser.

" '* * * * * * *

" '6. That if the vendors, or their successors in interest, fail to exercise the right conferred on them in clause 5 of this contract within

the time stipulated therein, then it shall be the duty of the said vendors or their successors in interest to retake the effects in question, discounting from the total amount of the instalments that have been paid by the purchaser or his successors in interest the sum resulting from a charge of $30 for each month during the time the said effects had been in the possession of the purchaser or his successors in interest, it being understood that a fraction of fifteen days or less shall not be counted and that a fraction over fifteen days shall be counted as one month; and it being further understood that this charge has been agreed upon by both parties as being fair and reasonable for the use of such effects.'

"Relying on the above facts plaintiff Manuel Rubio Salinas has filed a complaint embracing two causes of action. He prays in his first cause of action that the defendant be adjudged to return to him the sum of $540, that is, the difference between $960 as the total amount paid by the plaintiff and $450 for the use of the pianola during the fifteen months the purchaser had had it, at the rate of $30 per month, in compliance with clause 6 above transcribed, as claimed by the plaintiff.

"The plaintiff prays in his second cause of action that the defendant be adjudged to return to him the sum of $510 unduly paid after the destruction of the pianola. It is claimed that such payment was erroneously made and the allegation regarding the reasons why the payment was made is as follows:

" 'That the plaintiff through inadvertence or error and compelled by the pressing need in which he was by reason of the fire to which reference has already been made, realizing that an attachment was being levied on an insurance policy which covered risks of the said fire, found himself constrained to pay the said sum of $510, without prejudice to the exercise by him at any time of the proper cause of action to recover the sum unduly paid to the defendant.' (Paragraph 4, second cause of action.)

"Let us consider each cause of action apart from the other. As already stated, the plaintiff tries to rely on clause 6 of the contract for his first cause of action. It clearly appears from a mere reading of the said clause that the vendor reserves to itself two remedies in the event the purchaser fails to perform the terms of the contract. The first is the ordinary remedy provided by law in the case of a conditional sale, set out in clause 5 of the contract, namely, to retake the thing sold, keeping it for thirty days, and then to sell it at public auction and out of the proceeds thereof to recover the instal-

ments due by the purchaser, plus the total expenses incurred in retaking, storing, and selling the thing, including attorney's fees, if any.

"The second remedy which the vendor reserves to himself is that stated in clause 6, namely, instead of proceeding as indicated in the foregoing paragraph, to discount from the total amount of the instalments that have been paid by the prchaser or his successors in interest the sum resulting from a charge of $30 for each month during the time the said effects had been in the possession of the purchaser or his successors in interest.

"The facts herein do not justify the application of the remedy reserved to the vendor in the sixth clause of the contract. The purchaser in the present case has not failed in his payment of the instalments assumed by him nor has the vendor retaken the thing sold, far from it. The thing sold was destroyed without the purchaser being blamable for it, and as the same is nonexistent the vendor can not retake it or keep it. No clause whatever appears on the contract stipulating that in the event of the destruction of the pianola it shall be the duty of the vendor to refund any sum whatever to the conditional purchaser, and the construction of clause 6 in the manner claimed by the plaintiff would be tantamount to the inclusion in the contract of a condition not stipulated by the parties, and the courts have no power so to do. The legal principle is very clearly set forth in the Civil Code, which provides, when dealing with the interpretation of contracts, as follows:

" 'Sec. 1250. However general the terms of the contract may be, there should not be understood as included therein things and cases different from those with regard to which the persons interested intended to contract.'

"For the foregoing reasons, the complaint must be dismissed as to its first cause of action.

"The second cause of action, which the plaintiff has entitled collection of what is not due, must be governed by section 1796 of the Revised Civil Code, equivalent to section 1895 of the Spanish Civil Code, which reads as follows:

" 'Section 1796. If a thing is received when there was no right to claim it and which, through an error, has been unduly delivered, there arises an obligation to restore the same.'

"According to the above precept, the existence of the quasi contract of collection of what is not due requires the existence of two conditions, namely:

"1. That the person who received the thing was not entitled to claim it.

"2. That the thing has been unduly delivered *through error*.

"According to the jurisprudence both Spanish and American the error must be of fact but never of law.

" ' ' *       *       *       *       *       *       *

"The evidence for the plaintiff failed to show the existence of the first necessary requisite to justify an action for the collection of what it is not due. On the contrary, we hold that the evidence shows that the defendant was entitled to collect the sum of $510 which it claimed from the plaintiff and which the latter paid."

The court then cites from the case of *Montalvo* v. *Valdivieso*, 38 P.R.R. 487, 494, and goes on thus:

"If, as has been held by our Supreme Court, in a sale of this kind the ownership of the goods sold passes to the purchaser, the vendor retaining only the right to resolve the sale in the event of nonperformance of the condition, then if the thing sold is destroyed before the sale is resolved the old legal maxim, '*Re perit domino*,' is fully applicable.

"The juridical situation of the purchaser is the same as that of the person who buys a thing on credit and after delivery thereof is made but before the purchase price is fully paid the thing is destroyed. It would not occur to anybody to think that because of the destruction of the thing sold before the purchase price had been fully paid, the obligation of the purchaser to pay the balance of the purchase price had ceased.

"The American courts have reached the same conclusion but from a different reasoning, construing precepts similar to those of our Conditional Sales Act. (Cases cited.)

"Nor can it be said that the plaintiff made the payment through an error of fact, or even through an error of law. In accordance with the fourth paragraph of the second cause of action, which we have transcribed in this opinion, the plaintiff alleges that he effected the payment '*through inadvertence or error and compelled by the pressing need in which he was by reason of the fire*,' to which reference has already been made, when he saw that an attachment was being levied on an insurance policy which covered risks of the said fire, and that he found himself constrained to pay the said sum of $510, without prejudice to the exercise by him at any time of the

proper cause of action to recover the sum unduly paid to the defendant.

"There is not the slightest evidence tending to show that the plaintiff at the time of making the payment reserved to himself the right to recover it afterwards by judicial action or otherwise.

"In reference to the allegations of the plaintiff in connection with the causes which brought about the payment, the Supreme Court of Spain has expressed itself as follows:

" 'Hence, where payment is unduly made, with knowledge that the alleged creditor was not entitled to it, out of pure liberality, to avoid incurring liabilities giving rise to other damages, or because of *vis major*, acts or threats, the fact is no longer within the sphere of the quasi contract proper and falls completely into a new order of juridical relations.' Judgment of March 20, 1911.

"The above is sufficient to show the absence of the second requisite of section 1796 of the Civil Code, namely, that payment has been made through error.

"There is, moreover, in the present case a circumstance which to our mind would be sufficient justification for a dismissal of the complaint in every particular and it is the fact that the plaintiff insured the pianola, filed the proper claim with the insurance company and collected the insurance money, assuming, as he did, all the time that he was the owner of the thing insured. As claimed by the plaintiff, the loss of the pianola had to be borne by the vendor; but if such loss was to be borne by the vendor, why then did he insure it in his name? Why did he collect the insurance thereon and appropriate the money to himself? This attitude of the plaintiff is at variance with the action which he now exercises. He can not allege ownership of the pianola in the plaintiff (*sic*) in order to claim the refund of the price paid for the same and at the same time argue with the insurance company that he owned the pianola for the purpose of collecting the insurance money.

"From the foregoing, judgment for the defendant lies in the present case, with costs on the plaintiff."

We are in accord with the general considerations of the cited opinion.

We had hoped to define a little more clearly the position of the parties under a conditional sale in Puerto Rico. We are satisfied, however, in accordance with the case of *Montalvo* v. *Valdivieso, supra,* and the other cases

that follow it and the recent case of *People* v. *Flores,* decided June 3, 1935, *ante,* p. 572, that the title of goods sold on conditional sale passes to the purchaser subject to a defeasance. As pointed out by the appellee, there is some conflict of authority but the better rule appears to be, under the circumstances recited, that where property under conditional sale is destroyed by fire the purchaser should bear the loss. In the present case, the purchaser recovered from the insurance company with some inconsiderable reduction the price of a pianola. It was not merely the amount that he paid to the vendor that he recovered, but the whole value of the property destroyed less some reduction by the insurance company.

The plaintiff purchaser alleges that he paid the vendor in this case under an error of fact; that the vendor attached his insurance policy and by reason of the stress thus produced he felt bound to pay. Under the authorities cited by the court below and from our own impression, we have no hesitation in saying that his was not a payment under a mistake of fact but what should be classed as a voluntary payment. We can see no error of fact, as the purchaser, if he was right, could have successfully resisted the attachment.

Therefore, it would make no difference that some of the pronouncements of the court below were erroneous, if in fact, such errors exist.

The judgment appealed from will be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.